## STACY v. KRUSER.

(Supreme Court, Appellate Division, Second Department. May 5, 1916.)

Costs ⊛⇒22—Party Entitled—Statute.

Under Laws 1892, c. 182, § 108, assimilating to actions in the City Court of Mt. Vernon the provisions of Code Civ. Proc. § 3228, touching the matter of costs in the Supreme Court, defendant, against whom plaintiff recovered a verdict of $41.70 in the City Court, could not tax costs against plaintiff, Code Civ. Proc. § 3229, providing that defendant is entitled to costs on rendition of a final judgment in an action specified in section 3228, unless the plaintiff is entitled to costs as therein described, not being assimilated by the act of 1892, it being the clear intent of the act of 1892 that costs and actions in the City Court should be recoverable only by the prevailing party.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. ⊛⇒22.]

---

Appeal from Special Term, Westchester County.

Action by Grace V. Stacy against Albert M. Kruser. From an order affirming an order denying plaintiff's motion for retaxation of costs, she appeals. Matter remitted, with direction to vacate and set aside the taxation of costs and disbursements in favor of defendant.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and MILLS, JJ.

Benjamin M. Freeman, of Mt. Vernon, for appellant.
Charles Goldenberg, of New York City, for respondent

CARR, J. This is an appeal from an order of the County Court of Westchester county, affirming an order of the City Court of Mt. Vernon that denied plaintiff's motion for a retaxation of costs. This action was brought in the City Court of Mt. Vernon to recover the sum of $57.20. The answer set up a counterclaim for the sum of $80, in addition to denials of the plaintiff's cause of action. On the trial of the issues the jury awarded a verdict in favor of the plaintiff in the sum of $41.70. Thereupon the defendant taxed a full bill of costs against the plaintiff.

The City Court of Mt. Vernon is a local inferior court created by chapter 182 of the Laws of 1892. Section 55 of that statute describes it as "a court of record." While it is questionable whether the Legislature had power to make this court "a court of record" under section 18 of article 6 of the Constitution, yet this point is not involved necessarily in this appeal. The act of 1892, in section 108 thereof, makes provision for the allowance of costs to prevailing parties in actions where neither pleading asks judgment for the sum of $50 or more, and provides that in all other actions the same costs and allowances "as are now provided by law in actions and proceedings in the Supreme Court, except term fees, shall be allowed to the prevailing party." Under section 3228 of the Code of Civil Procedure, which applies to the Supreme Court, as the plaintiff did not recover the sum of $50, she was not entitled to costs as of course.

The defendant rests his claim for costs on section 3229 of the Code of Civil Procedure, which provides that the defendant is entitled to costs, of course, on the rendering of a final judgment in an action specified in section 3228 unless the plaintiff is entitled to costs as therein prescribed. If this section (3229) is applicable to actions in the City Court of Mt. Vernon, the order now before us on appeal must be affirmed. While section 108 of the statute of 1892 assimilates to actions in the City Court of Mt. Vernon the provisions of section 3228 of the Code of Civil Procedure, it does necessarily include section 3229. Under that section of the Code, a defendant who has not prevailed in an action may have costs against a prevailing plaintiff under the defined circumstances. But section 108 of the statute of 1892 contemplates and provides for costs for prevailing parties. It reads:

"The following costs and allowances shall be recovered by the prevailing party, in all actions, proceedings and appeals under this act," etc.

And again in subdivision 2, where it assimilates the costs taxable in actions in the Supreme Court to actions in the City Court of Mt.

Vernon, it uses the important words "shall be allowed to the prevailing party." It would seem that it was the clear intent of the act of 1892 that costs in actions in the City Court of Mt. Vernon should be recoverable only by the "prevailing party." Section 109 of that statute, which provides for the taxation of costs by the clerk of the court, again expresses the same idea. It declares:

"The clerk of said court shall, on two days' notice, adjust and tax the costs and disbursements of the prevailing party, and the same shall be included in the judgment," etc.

That is, the judgment in favor of the prevailing party, who in this case was the plaintiff. These views lead to a reversal of the order of the County Court of Westchester county, with $10 costs and disbursements.

The matter is remitted to the City Court of Mt. Vernon, with direction to that court to vacate and set aside the taxation of costs and disbursements in favor of the defendant in the action. All concur.